UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS M. CHRISTIAN, et al., | : |
| : | |
| **Plaintiffs** | : |
| : | **CASE NO. 24-cv-304** |
| **v.** | : |
| : | |
| : | |
| UBER TECHNOLOGIES, INC. et al., | : |
| : | |
| **Defendants.** | : |
| : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY

As noted in Plaintiffs' Opposition to Uber's Motion to Compel Arbitration, Uber's briefing on its Motion to Compel gave no indication of Uber's actual arguments in favor of arbitration of Plaintiffs' *specific* claims. *Id.* at 6.n.1. As predicted, Uber was holding back arguments, waiting to present them in a Reply so that Plaintiffs would have no opportunity to respond. *Id.* Uber has now filed a Reply in Support of its Motion to Compel and to Dismiss ("Uber's Reply")[1] containing new arguments that could and should have been made in its opening brief. Accordingly, Plaintiffs seek an opportunity to respond to those new arguments by filing the proposed Surreply attached as Exhibit A to Plaintiffs' Motion.[2]

---

[1] As in their Complaint, Cmplt. ¶ 9, Plaintiffs refer to Uber Technologies and its wholly owned subsidiary, Rasier, LLC, through which it operates in the District of Columbia, as "Uber." Uber seems to agree, as it styles the Reply as submitted in support of "its" (rather than "their") motion to compel arbitration.

[2] In the alternative, the Court can choose to ignore or strike Uber's new arguments, in which case a surreply would not be necessary. *See Baloch v. Norton*, 517 F. Supp. 2d 345, 348 n.2 (D.D.C. 2007) ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply").

## LEGAL STANDARD

"The standard for granting . . . leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). The decision whether to grant or deny leave to file a surreply is discretionary. *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011). In exercising that discretion, a court should consider: "(1) whether the nonmovant's reply in fact raises arguments or issues for the first time; (2) whether the movant's proposed surreply would be helpful to resolve the pending motion, and (3) whether the nonmovant would be unduly prejudiced were the court to grant leave." *Doe v. Roman Cath. Diocese of Greensburg*, 2021 WL 12137383, at *2 (D.D.C. Feb. 12, 2021) (citing *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011).

## ARGUMENT

### I. UBER'S REPLY RAISES ARGUMENTS AND ISSUES FOR THE FIRST TIME.

#### A. Uber's Arguments in its Motion to Compel

On February 29, 2024, the Court granted Plaintiffs' and Uber's joint motion to enlarge time and establish a schedule for the filing of Uber's Motion to Compel Arbitration, Plaintiffs' Opposition and Uber's Reply. Pursuant to that schedule, Uber filed its Motion to Compel Arbitration and to Dismiss, and an accompanying Memorandum ("Uber Mem.") on March 15, 2024.  Uber made the following arguments in support of its motion:

- By assenting to Uber's Terms of Use through an enforceable "Clickwrap" Agreement, the Plaintiffs entered into an agreement to arbitrate that should be enforced pursuant to the Federal Arbitration Act. Uber Mem. at 9-13.
- Plaintiffs agreed to arbitrate any disputes with Uber, which include claims that Uber is liable for their injuries and damages. *Id*. at 13-14.
- Uber has not waived its right to arbitration. *Id*. at 14-15.

- Plaintiffs agreed to a valid delegation clause that requires threshold issues, including arbitrability, to be decided by the arbitrator. *Id.* at 15-16.
- If the Court chooses to decide arbitrability, Plaintiffs' claims must still be sent to arbitration. *Id.* at 17-19.
- Plaintiffs' claims fall within the scope of the Agreement to arbitrate. *Id.* at 22-23.

Uber argued that Plaintiffs' claims fell within the scope of the alleged agreement because:

> [E]ach of Plaintiffs' claims fall squarely within the arbitrable claims set forth in the Arbitration Agreement as they specifically agreed to arbitrate "any dispute, claim or controversy arising out of or relating to (a) these Terms . . ., or (b) your access to or use of the [Rider App]." *See* Exhibit 2C. Plaintiff's claims directly stem from alleged injuries sustained from the underlying incident. . . . The scope of the Arbitration Agreement clearly covers this claim asserted against Defendants as they relate to and directly arise from the use of the Rider App to connect with Mr. Ichinkhorol. *Id.*

Uber Mem. at 22-23.

**B. Uber's New Arguments and Issues in its Reply**

In its Reply, Uber introduced two entirely new arguments: First, Uber argues that District of Columbia law—as opposed to the FAA—can be a basis on which the Court orders enforcement of Uber's arbitration provision. Uber cites (or invokes without citing) a variety of District of Columbia authorities that it has never mentioned before, and all of which it misrepresents. Second, Uber argues Plaintiff Camila Selman and Plaintiff Jesus Christian, as non-signatories to the Uber account in use at the time of the collision, are nevertheless both bound to arbitration as third-party beneficiaries. Uber's Reply, at 11-13.[3] In support of this argument, Uber referenced new language from the Terms and Conditions purportedly agreed to by Carlos Christian. *Id.* at 12. This sweeping language allegedly binding all third parties, including heirs, was only introduced in the last pages of Uber's reply.

---

[3] Uber cites one case in its Memorandum in Support of its Motion to Compel from the Eastern District of Louisiana involving a guest rider as a third-party beneficiary, but only in the context of its argument that its clickwrap agreement is enforceable. Uber Mem. at 12.

Uber was well aware before it filed its Motion to Compel that Khalinmandakh Ichinkhorol was driving Carlos Christian in the District of Columbia, and that this case was being litigated in this Court. Uber also knew that neither Plaintiff was using the Uber app when the collision giving rise to the lawsuit occurred. Despite knowing these facts, Uber never once suggested in its opening brief that D.C. law provided a basis for enforcement of its arbitration provision or that Plaintiffs Selman and Christian were compelled to arbitrate as third-party beneficiaries. As a consequence of Uber's tactic, Plaintiffs did not have an opportunity to address these arguments in their Opposition, and are entitled to a surreply. *See Lewis*, 154 F. Supp. 2d at 61.

## II.     A SURREPLY WILL BE HELPFUL IN RESOLVING UBER'S MOTION TO COMPEL.

"Considering an argument advanced for the first time in a reply brief . . . is not only unfair to [the opposing party], but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." *An v. Mayorkas*, No. 21-cv-385, 2022 WL 522970 (D.D.C. Feb. 22, 2022) (quoting *McBride v. Merrell Dow & Pharm.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986)). Because Uber's new argument purports to provide the Court with two new legal theories upon which to grant its motion and to force the Plaintiffs into arbitration, Plaintiffs' response to that argument will allow the Court to be fully informed on the merits of that argument and help it resolve the Motion to Compel. Specifically, with respect to Uber's new D.C. law argument, Plaintiffs' Surreply directs the Court's attention to a D.C. Code provision establishing that D.C. law provides no basis for enforcing an arbitration agreement that is not enforceable under federal law, D.C. Code § 16-4403(d), and distinguishes a number of newly-introduced cases whose facts and holdings Uber misrepresents. With respect to Uber's third-party beneficiary argument, Plaintiffs' Surreply explains why Uber has failed to meet its burden to establish third party beneficiary status under District of Columbia contract law. The responses in Plaintiffs' Surreply will thus provide

4

the adversarial briefing necessary to "sharpen[] the issue[s] for decision" by the Court. *Pauling v. D.C.*, 286 F. Supp. 3d 179, 201 (D.D.C. 2017).

## III.   UBER WILL NOT BE UNDULY PREJUDICED BY GRANTING LEAVE TO FILE A SURREPLY.

Allowing the attached Surreply to be filed will not result in any undue delay. Plaintiffs are filing the instant motion fourteen days after Uber's Reply brief was filed, and the attached Surreply is fully drafted and prepared for filing. Uber's motion has not yet been set for a hearing, *see, e.g.*, *NCMIC Insurance Co. v. Smith,* 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019) (finding no prejudicial delay where the movant filed its surreply with the motion for leave), and Uber can make no argument that it would be prejudiced by allowing one of its grounds for compelling arbitration to be fully briefed by the parties. Indeed, the opposite is more likely true – that Plaintiffs would be unduly prejudiced were they not given an opportunity to address an issue that purports to be dispositive of the Motion and thus prevent Plaintiffs from litigating their claims in this Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Surreply should be granted.

Dated:        May 24, 2024            Respectfully Submitted,

/s/ Robert F. Muse
Robert F. Muse (D.C. Bar No. 166868)
Juliana M. Andonian (D.C. Bar No. 90006115)
Ronald Kovner (D.C. Bar No. 166124)
Kevin P. Crenny (D.C. Bar No. 1765044)
**LEVY FIRESTONE MUSE LLP**
900 17th St. NW, Suite 1200
Washington, DC 20006
Tel: (202) 845-3215
Fax: (202) 595-8253
rmuse@levyfirestone.com
jandonian@levyfirestone.com
rk@levyfirestone.com
kcrenny@levyfirestone.com

*Counsel for Plaintiffs*