IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESUS M. CHRISTIAN, et. al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**UBER TECHNOLOGIES, INC.** *et al.*,<br><br>**Defendants.** | **Case Number: 1:24-cv-00304-EGS** |

## DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

DEFENDANTS, UBER TECHNOLOGIES, INC. ("Uber") and RASIER, LLC ("Rasier") (collectively "Defendants"), by undersigned counsel, and in response to Plaintiffs' Motion for Leave to File a Surreply (Dkt. 24) hereby submit this response and state as follows:

Plaintiffs correctly state that the decision to allow a surreply is entirely within the discretion of this Court. *United States v. Dynamic Visions, Inc.,* 971 F.3d 330, 339 (D.C. Cir. 2020) (citing *Firestone v. Firestone,* 76 F.3d 1205, 1208-09 (D.C. Cir. 1996); *Robinson v. Detroit News, Inc.* 211 F. Supp. 2d 101, 113 (D.D.C. 2002). Accordingly, Defendants will not spend significant ink addressing the issue as the Court is fully capable of determining whether a surreply is warranted whether it wants additional briefing from the parties, and/or whether it wants to hear oral arguments on this issue, as a lot of time and paper have already been devoted to addressing Defendants' Motion to Compel Arbitration (Dkt. 21). Defendants respectfully assert that a surreply is neither warranted nor necessary, and Plaintiffs' surreply is nothing more than supplemental briefing to address issues which they did not, but could have, addressed in their Opposition brief. Defendants request that the Court deny the Motion for Leave to File a Surreply or, in the

alternative, allow Defendants an opportunity to respond to Plaintiffs' surreply should it feel additional briefing on the Motion would be of assistance.

## ARGUMENT

Plaintiffs assert in their Motion for Leave to File a Surreply that Uber's Reply in Support of its Motion to Compel Arbitration (Dkt. 23) raises two entirely new arguments and that, accordingly, they should be allowed to file a surreply. (Dkt. 24-1 at 3.) Specifically, Plaintiffs contend: (1) that Defendants argue in the Reply, for the first time, that DC law governs the enforceability of the arbitration agreement in the Terms and Conditions regarding the use of services obtained through the Uber Application, rather than the Federal Arbitration Act ("FAA"); and (2) that Defendants' Reply argues, for the first time, that Plaintiffs are bound to arbitrate not only as account holders, but also as third-party beneficiaries to the Terms and Conditions. (Dkt. 24-1 at 3.) This patently mis-states the arguments raised in Defendants' previous Motion and Reply briefs.

Defendants have, at all times, asserted that the FAA governs the enforceability of the arbitration agreement in the Terms and Conditions, and that both the FAA and DC law heavily favor arbitration. (*See, e.g.,* Dkt. 18-1 at 7-11; Dkt. 23 at 5, 6.) Indeed, in their Opposition to Defendants' Motion to Compel Arbitration, Plaintiffs assert that the FAA does not apply and, in support of that argument, cite a litany of cases from jurisdictions outside of this Circuit, including the Seventh, Ninth, and Eleventh Circuit Courts of Appeals, as well as various federal and state courts from California, Georgia, Nevada, New York, and West Virginia. (Dkt. 21 at 9-19.) Plaintiffs could have used their Opposition to address the DC case law cited by Defendants in their Motion but chose not to and instead focused on non-binding precedent from other jurisdictions. Accordingly, Defendants Reply appropriately addressed this discrepancy and cited to additional

2

DC authority demonstrating that the cases cited by Plaintiffs from other jurisdictions were entirely distinguishable and inapplicable to the law as it stands in DC. (Dkt. 23 at 2-4.) Plaintiff's failure to address arguments raised in Defendants' Motion does not warrant a surreply.

Similarly, Defendants' argument that Plaintiffs are bound to arbitrate not only as account holders but also as third-party beneficiaries to the Terms and Conditions, is not a new argument raised in their Reply for the first time. It was addressed in Defendants' original Motion, which included the full Terms and Conditions as an exhibit. (Dkt. 18-1 at 12; Dkt. 18-6.) Plaintiff's Opposition contends that they cannot be compelled to arbitrate, despite their status as account holders. (Dkt. 21 at 19-27.) Accordingly, Defendants Reply appropriately addressed this argument by returning to the issue of Plaintiff's status as third-party beneficiaries, noting that even as guest riders and not account holders, they are also bound to arbitrate as third-party beneficiaries of the Terms and Conditions. The citations to the Terms and Conditions in Defendants' Reply are entirely appropriate as the Terms and Conditions were an exhibit to the original Motion. (Dkt. 23 at 11-13; Dkt. 18-6.)

This Court is entirely capable of reviewing the case law cited by both parties in the briefing and deciding Defendants' Motion to Compel Arbitration, or requesting additional briefing if it determines further briefing is helpful. Plaintiffs' unrequested surreply is neither warranted nor instructive. As set forth in Defendants' Reply, Plaintiffs' Opposition, and its more than 400 pages of supporting exhibits, demonstrate that Plaintiff's focus in responding to the Motion was to inject emotion and extraneous claims against Uber, rather than addressing the discrete issue raised in Defendants' Motion – that Plaintiffs entered into an agreement with Defendants mandating that any claims between the parties are subject to binding arbitration. (Dkt. 23 at 1.) A surreply is not

3

justified simply so that Plaintiffs may now address arguments they failed to address in their Opposition.

Dated: June 6, 2024                                    Respectfully submitted,

                                                WILSON, ELSER, MOSKOWITZ
                                                EDELMAN & DICKER LLP


                                                */s/ Peter M. Moore*
                                                Peter M. Moore (DC Bar No.: 985713)
                                                8444 Westpark Drive, Suite 510
                                                McLean, VA 22102-5102
                                                Tel.: 703-245-9300
                                                Fax: 703-245-9301
                                                peter.moore@wilsonelser.com

                                                Timothy S. Carey *(Admitted Pro Hac Vice)*
                                                250 W. Pratt Street - Suite 2200
                                                Baltimore, Maryland 21202
                                                Telephone: (410) 539-1800
                                                Fax: (410) 962-8758
                                                timothy.carey@wilsonelser.com

                                                *Counsel for Uber Technologies, Inc. and Rasier, LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 6th day of June, 2024, a true copy of the foregoing Response to Plaintiffs' Motion for Leave to File a Surreply was electronically filed with the Clerk of Court via the CM/ECF system, which will then send notification of such filing to all counsel of record.

      */s/ Peter M. Moore*
      Peter M. Moore, Esq. (DC Bar No.: 985713)
      WILSON, ELSER, MOSKOWITZ
      EDELMAN & DICKER LLP
      8444 Westpark Drive, Suite 510
      McLean, VA 22102-5102
      Tel.: 703-245-9300
      Fax: 703-245-9301
      peter.moore@wilsonelser.com
      *Counsel for Uber Technologies, Inc. and Rasier, LLC*