IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESUS M. CHRISTIAN, et. al.** <br><br> **Plaintiffs,** <br><br> v. <br><br> **UBER TECHNOLOGIES, INC.** *et al.*, <br><br> **Defendants.** | **Case Number: 1:24-cv-00304-EGS** |

## DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER LLC'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

DEFENDANTS, UBER TECHNOLOGIES, INC. ("Uber") and RASIER, LLC ("Rasier") (collectively "Defendants"), by undersigned counsel, and in response to Plaintiffs' Motion for Default Judgement as to Reginald Roland Johnson (Dkt. 29) hereby submit this limited opposition and states as follows:

Defendants filed a Motion to Compel Arbitration and to Dismiss ("Motion to Compel") in this matter on March 15 2024 (Dkt. 18). Plaintiffs filed an Opposition (Dkt. 20), and Defendants filed a Reply in Support of their Motion (Dkt. 23).[1] The Motion is still pending. Defendants respectfully submit that Plaintiffs' request for a hearing to set damages is inappropriate and prejudicial to Defendants and any determination of damages against Defendant Johnson should not be entered until a ruling on the Motion to Compel.

---

[1] Also pending are Plaintiffs' Motion for Leave to File a Surreply (Dkt. 24), and Defendants' Response thereto (Dkt. 26).

**ARGUMENT**

As set forth in Defendants' Motion to Compel, Plaintiffs entered into an agreement with Defendants mandating that any claims between the parties are subject to binding arbitration. (Dkt. 23 at 1.) As also set forth in the Motion to Compel, in addition to dismissal of Defendants the appropriate resolution as to the remaining Defendants, Mr. Johnson and Khalimandakh Inchinkhorol, is a stay of the proceedings pending resolution of the arbitration between Uber and Plaintiffs. The Federal Arbitration Act ("FAA") requires a stay of judicial proceedings, stating that upon ordering parties to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." *See* 9 U.S.C. § 3; *see also Choice Hotels Int., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 712 (4th Cir. 2001) (ordering a stay of litigation where at least one claim was encompassed by the parties' arbitration clause).

The United States District Court for the District of Columbia confirmed that a stay of any remaining action is the appropriate action under the FAA in the recent decision by the Honorable Amit Mehta in *Cheryl Walker, et al. v. Uber Technologies, Inc.*, et al., 1:2023-cv-03796 (Dkt. 26) (September 11, 2024) (appealed, October 10, 2024).[2] In that case, Judge Mehta analyzed the same agreement at issue in this case and determined that the account holder was obligated to submit her claims to mediation, but ruled that the guest rider she had requested a ride for through the Uber App was not on notice of the terms and therefore not required to submit his claims to arbitration.[3]

---

[2] Although Defendants will not present as argument in this motion, it would appear that judicial economy would favor staying any ruling on the Moton to Compel and Plaintiffs' Motion for Default Judgment pending resolution of the appeal of the *Walker* matter given the anticipated precedent it will establish with respect to the specific agreement at issue in this case and many of the legal arguments raised in the Motion to Compel and Plaintiffs' Opposition.

[3] Judge Mehta's ruling as to the guest rider is inapplicable to this case because that guest rider was not an account holder like all Plaintiffs in this case. The distinct issue in that case was whether the guest rider manifested his assent to Uber's Terms and Conditions ("Terms") by proceeding with the ride after receiving text message alerts that included

Judge Mehta, citing to *Gambo v. Lyft, Inc.,* 642 F. Supp. 3d 46, 49–50 (D.D.C. 2022), entered a stay of the remaining claims.

Defendants further assert that a hearing on damages is inappropriate when their Motion to Compel is pending and Plaintiffs' have made clear that they will attempt to use the hearing as an attempt to back-door in their arguments for liability against Defendants. *See, e.g.*, Dkt. 29-1, p. 7, 35-36. Defendants have not filed an answer and the claims of Plaintiffs against Defendants are not properly before this Court. Further, Plaintiffs make no arguments that there is "no just reason for delay" of an entry of damages. Defendant Johnson is currently incarcerated, and by all accounts has little or no assets to satisfy any judgment against him. The request for a hearing would serve only to prejudice Defendants by allowing Plaintiffs a forum to argue their specious and legally deficient claims against Defendants under the guise of a damages hearing against Defendant Johnson. Defendants have asserted their contractual rights that the claims against them be submitted to binding arbitration, and until the Motion to Compel is resolved there should be no further activity in this case – especially a hearing on damages as requested by Plaintiffs.

Dated: November 18, 2024                    Respectfully submitted,

                                                            WILSON, ELSER, MOSKOWITZ
                                                            EDELMAN & DICKER LLP

                                                            */s/ Peter M. Moore*
                                                            Peter M. Moore (DC Bar No.: 985713)
                                                            8444 Westpark Drive, Suite 510
                                                            McLean, VA 22102-5102
                                                            Tel.: 703-245-9300
                                                            Fax: 703-245-9301
                                                            peter.moore@wilsonelser.com

---

a hyperlink to the Terms. All Plaintiff in this matter have manifested their assent to the Terms by virtue of being account holders and confirming their understanding of and consent to the Terms prior to accessing the Uber App.

304629628v.1

                Timothy S. Carey *(Admitted Pro Hac Vice)*
                250 W. Pratt Street - Suite 2200
                Baltimore, Maryland 21202
                Telephone: (410) 539-1800
                Fax: (410) 962-8758
                timothy.carey@wilsonelser.com

                *Counsel for Uber Technologies, Inc. and Rasier, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November, 2024, a true copy of the foregoing Opposition was electronically filed with the Clerk of Court via the CM/ECF system, which will then send notification of such filing to all counsel of record.

> */s/ Peter M. Moore*
> Peter M. Moore (DC Bar No.: 985713)
> WILSON, ELSER, MOSKOWITZ
> EDELMAN & DICKER LLP
> 8444 Westpark Drive, Suite 510
> McLean, VA 22102-5102
> Tel.: 703-245-9300
> Fax: 703-245-9301
> peter.moore@wilsonelser.com
> *Counsel for Uber Technologies, Inc. and Rasier, LLC*